[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-10559

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-06244 CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT O'NEAL,
LEONARD SAPP,
JEFFREY SAPP,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 19, 2004)**

Before DUBINA, BARKETT and COX, Circuit Judges.

PER CURIAM:

This appeal presents two issues: (1) whether the district court committed reversible error in failing to properly present the question of drug type and quantity to the jury; and (2) whether the district court committed reversible error in failing to find that the quantity of cocaine that triggered mandatory sentences for two defendants was reasonably foreseeable to each defendant. We affirm.

## I. BACKGROUND & PROCEDURAL HISTORY

Defendants Leonard Sapp and Jeffery Sapp occupied a house owned by their parents in Fort Lauderdale, Florida. Co-defendant Robert O'Neal lived nearby and frequented the Sapps' house to play video games, socialize and sell drugs. The Sapp residence was known as a "crack house" where others from the neighborhood could purchase drugs.

In July 2001, the Sapp residence became the target of a police investigation. After initial surveillance, narcotics agents apprehended Patrick Tranchida immediately after he left the Sapps' premises, finding crack cocaine in his vehicle. Tranchida, a habitual offender, admitted he had purchased the crack cocaine at the Sapps' house and agreed to serve as a confidential informant for the agents. Over the next month, Tranchida returned to the Sapp residence six times to make controlled buys of crack cocaine. On October 23, 2001, the police executed a search warrant for the Sapps' house, arresting Jeffery Sapp on the premises and recovering both crack

2

and powder cocaine from stashes within the house. Leonard Sapp and O'Neal were arrested two days later off the premises.

The Defendants were charged with the following, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Count 1 (Leonard Sapp, Jeffery Sapp, O'Neal): conspiring to possess with intent to distribute at least fifty grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine;

Count 2 (Leonard Sapp, O'Neal): possessing with intent to distribute at least five grams of crack cocaine on August 5, 2001;

Count 3 (O'Neal): possessing with intent to distribute at least 5 grams of crack cocaine on August 10, 2001;

Count 4 (Leonard Sapp, Jeffery Sapp): possessing with intent to distribute at least 5 grams of crack cocaine on August 15, 2001;

Count 5 (Leonard Sapp): possessing with intent to distribute at least 5 grams of crack cocaine on August 22, 2001;

Count 6 (Leonard Sapp, Jeffery Sapp): possessing with intent to distribute at least 5 grams of crack cocaine on August 28, 2001; and

Count 7 (Leonard Sapp): possessing with intent to distribute at least 5 grams of crack cocaine on August 29, 2001.

The jury found all three Defendants guilty on Count 1, the conspiracy charge. By special verdict, the jury found that the conspiracy involved at least 50 grams of crack cocaine. The jury also convicted O'Neal on Counts 2 and 3, Jeffery Sapp on Count 6, and Leonard Sapp on Counts 2, 5, 6, and 7. On each substantive count, the jury returned a special verdict that the offense involved at least 5 grams of crack cocaine. The jury acquitted Leonard Sapp and Jeffery Sapp on Count 4.

On Count 1, the conspiracy count, each of these defendants were subject to a statutory mandatory minimum sentence of 20 years' imprisonment and a maximum sentence of life imprisonment. This sentencing range, fixed by § 841(b)(1)(A), was the result of a determination that the conspiracy involved at least 50 grams of crack cocaine and the Defendants' prior felony drug convictions. Each of the substantive counts subjected each defendant to a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment on each count, all pursuant to § 841(b)(1)(B). The district court sentenced O'Neal under § 841(b)(1)(A) to the statutory mandatory minimum of 240 months' imprisonment on Count 1, the conspiracy count, and to the statutory mandatory minimum of 120 months' imprisonment under § 841 (b)(1)(B) on Counts 2 and 3; those sentences are to run concurrently. The court sentenced Jeffery Sapp under § 841(b)(1)(A) to the statutory mandatory minimum of 240 month's imprisonment on Count 1, and to the statutory

4

mandatory minimum of 120 months' imprisonment under § 841(b)(1)(B) on Count 6; those sentences are to run concurrently. The court sentenced Leonard Sapp to concurrent sentences of 360 months' imprisonment on Counts 1, 2, 5, 6, and 7. No mandatory minimum sentence was imposed in Sapp's case.

The Defendants appeal.

## II. ISSUES ON APPEAL

We discuss two of the issues presented by this appeal. Robert O'Neal and Leonard Sapp raise the first sentencing issue: whether the district court erred by not instructing the jury that both the quantity and type of the controlled substance charged in the indictment (crack cocaine) were elements of the offense that must be found beyond a reasonable doubt, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

All three Defendants raise the second sentencing issue: whether the district court erred by not considering the quantity of crack cocaine that was reasonably foreseeable to each Defendant before concluding that these statutory mandatory minimum sentences were required.[1]

---

[1] The Defendants also raise the following issues: (1) whether the Government committed a discovery violation with regard to evidence seized on October 23, 2001; (2) whether the district court abused its discretion by admitting several audiotapes into evidence; (3) whether the testimony of a confidential informant was so unbelievable as to be incredible as a matter of law; (4) whether the evidence was insufficient to convict O'Neal of conspiracy; (5) whether the evidence presented was insufficient to prove that the cocaine base was crack cocaine; and, (6) whether the

## III. STANDARD OF REVIEW

Both sentencing issues raised by the Defendants present questions of law that we review de novo. *United States v. Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003). But because Robert O'Neal and Leonard Sapp did not preserve their *Apprendi* issue by appropriate objection in the district court, our review of their contention is for plain error. *United States v. Miller*, 255 F.3d 1282, 1287 (11th Cir. 2001); Fed. R. Crim. P. 52(b). Likewise, because Leonard Sapp failed to preserve his reasonable foreseeability claim in the district court, we review it also for plain error.

## IV. DISCUSSION

### A. The *Apprendi* Argument

O'Neal and Leonard Sapp argue that the jury's verdict form insufficiently appraised the jury that it was required to find drug quantity and type beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The Government responds that the district court properly instructed the jury and thus complied with *Apprendi's* requirements. We reject the Defendants' contentions for the following reasons.

---

district court improperly sentenced the Defendants. After careful review, we find the Defendants' contentions relative to these issues meritless, and reject them without further discussion. *See* 11th Cir. R. 36-1.

The verdict form must be considered in the context of the jury instructions as a whole. *See United States v. Taggart*, 944 F.2d 837, 839 (11th Cir. 1991). After careful review, we conclude that the district court's instructions amply informed the jury that the "beyond a reasonable doubt" standard applied to the jury's determination of drug quantity and type as well as to their determination of the Defendants' guilt. The only standard of proof included in the court's instructions was proof beyond a reasonable doubt, and there is no reason to think that the jury did not understand that this standard applied to all its determinations. The law does not require that the standard of proof be included in the verdict form. *See United States v. Clay*, 355 F.3d 1281, 1285 (11th Cir. 2004) (holding that a district court did not err by submitting a special verdict form to the jury; this particular verdict form did not specify a standard of proof).

But even if the district court did err in instructing the jury, examination of the Defendants' sentences in light of *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (*en banc*) reveals that any error was harmless. In *Sanchez*, we stated, "in a § 841 case, when a defendant's sentence falls at or below the statutory maximum penalty in § 841 (b)(1)(C), there is no *Apprendi* error and there is no need for drug quantity to be submitted to a jury and proven beyond a reasonable doubt." 269 F.3d at 1269. Similarly, "drug type . . . do[es] not have to be charged in the indictment or

7

submitted to the jury for proof beyond a reasonable doubt, except when the finding of drug type . . . causes the sentence actually imposed upon the defendant to rise above the prescribed statutory maximum." *United States v. Tinoco*, 304 F.3d 1088, 1100 (11th Cir. 2002). None of the sentences imposed in this case exceeded the 30 year statutory penalty for cocaine cases involving a defendant with a prior felony drug conviction, without reference to the quantity involved, fixed by § 841(b)(1)(C), and thus there was no *Apprendi* error. And, a statutory mandatory minimum may be imposed based on judge-decided facts and need not be submitted to a jury for proof beyond a reasonable doubt. *McMillan v. Pennsylvania*, 477 U.S. 79, 86-88, 106 S. Ct. 2411, 2416-17 (1986); *Apprendi*, 530 U.S. at 487 n.13, 120 S. Ct. 2361 n.13.

B. The Reasonable Foreseeability Requirement in 21 U.S.C. §§ 841 and 846

The Defendants contend that the district court erred by imposing a sentence under § 841(b) triggered by the jury's special verdict without considering whether the amount of crack cocaine the jury found to be within the scope of the conspiracy was "reasonably foreseeable" to each Defendant, as required by *United States v. Chitty*, 15 F.3d 159 (11th Cir. 1994). The Defendants also argue that the district court failed to make individualized findings relative to foreseeability as to each Defendant and each transaction. The Government disagrees, arguing that *Chitty* does not control this case, and that the issue is one of first impression in this circuit. The Government

8

also argues, alternatively, that because the district court made a reasonable foreseeability finding under the Sentencing Guidelines, the Defendants' sentences should be affirmed.

### 1. *United States v. Chitty*

All three Defendants argue that in *Chitty*, we adopted the reasonable foreseeability principles of *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180 (1946) in regard to sentencing in drug conspiracy cases. The Defendants also argue that the district court should have made individualized findings as to the quantities of drugs that were reasonably foreseeable to each Defendant based on their respective level of participation, as required by *United States v. Beasley*, 2 F.3d 1551, 1552 (11th Cir. 1993).[2]

---

[2] In *Beasley*, we addressed individualized findings in the context of a guidelines sentence. We adopt *Beasley's* reasoning in regard to statutorily mandated sentences as well.

In *Chitty*,[3] we held that the same principles of reasonable foreseeability that apply in United States Sentencing Guideline § 1B1.3[4] also apply to a statutory sentence for a conspiracy charged under 21 U.S.C. § 846, which is subject to the penalty provisions of 21 U.S.C. 841(b). 15 F.3d at 162. We stated that a conspirator is only "responsible for conspiracy activities in which he is involved, and for drugs involved in those activities, and for subsequent acts and conduct of co-conspirators, and drugs involved in those acts or conduct, that are in furtherance of the conspiracy and are reasonably foreseeable to him." *Id.*

*Chitty* is consistent with the decisions of our sister circuits that have considered this issue. *See United States v. Martinez*, 987 F.2d 920 (2d Cir. 1993); *United States v. Irvin*, 2 F.3d 72 (4th Cir. 1993); *United States v. Ruiz,* 43 F.3d 985 (5th Cir. 1995); *United States v. Swiney*, 203 F.3d 397 (6th Cir. 2000); *United States v. Young*, 997

---

[3] In *Chitty*, the defendant was convicted of conspiring to import and possess with intent to distribute 1000 kilograms or more of marijuana. 15 F.3d at 160. But the only evidence of the defendant's involvement in the conspiracy was his presence on one occasion at an off-loading site. *Id.* After being convicted, the defendant was sentenced to the mandatory minimum term of 120 months' imprisonment based on the total amount of drugs involved in the conspiracy. *Id.* at 161. On appeal, he argued that there was insufficient evidence to establish that the criminal acts of his co-conspirators were reasonably foreseeable to him. *Id.* at 161-62. We agreed, but upheld his conviction because there was sufficient evidence as to his conspiratorical participation in one transaction. *Id.* We remanded the case for resentencing so that the district court could consider the *Pinkerton* standards of reasonable foreseeability to determine his sentence. *Id.*

[4] U.S.S.G. § 1B1.3(a)(1)(B) directs courts to consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." We have held "that the standards embodied in section 1B1.3 roughly approximate those detailed . . . in *Pinkerton*." *United States v. LaFraugh*, 893 F.2d 314, 317 (11th Cir. 1990).

F.2d 1204 (7th Cir. 1993); *United States v. Jones*, 965 F.2d 1507 (8th Cir. 1992); *United States v. Castaneda*, 9 F.3d 761 (9th Cir. 1993); *United States v. Robertson*, 45 F.3d 1423 (10th Cir. 1995).

The rule under *Chitty* is that, in determining a defendant's penalty under 21 U.S.C. § 841(b) for a violation of 21 U.S.C. § 846, the drug quantity must be reasonably foreseeable to that defendant where the effect of the quantity is to require the imposition of statutory mandatory minimum sentence. *See Irvin*, 2 F.3d at 77-78 (comparing the Sentencing Guidelines with the statutory sentencing scheme, and reconciling the difference between the two by concluding that Sections 846 and 841(b) contain a requirement that courts apply the *Pinkerton* principles of reasonable foreseeability); *Martinez*, 987 F.2d at 925-26 (surveying the legislative history of § 846 and determining that the Guidelines, as amended in 1988, incorporated the *Pinkerton* standards of reasonable foreseeability; such incorporation is not inconsistent with § 846, which only requires that a conspirator be sentenced to the same penalty applicable to the underlying conduct).

In relation to O'Neal's statutory sentence, the district court made a determination "that this defendant should be held and is responsible for . . . fifty grams of crack cocaine, since it is and was reasonably foreseeable that crack cocaine

11

in that amount was being distributed." (R.21 at 15.) By making this individualized finding, the district court satisfied *Chitty's* requirement.

Regarding Jeffery Sapp's sentence, the district court adopted the factual findings found in his presentence report. (R.22 at 9.) In the presentence report, Jeffery Sapp's probation officer discussed reasonable foreseeability in relation to § 1B1.3 and concluded that all of the drugs within the scope of the conspiracy were reasonably foreseeable to Jeffery Sapp. As *Chitty* requires a reasonable foreseeability finding identical to that in § 1B1.3, we are satisfied that the district court made a proper individualized finding on Jeffery Sapp's culpability within the scope of the conspiracy.

2. Plain Error Review of Leonard Sapp's Sentence

Leonard Sapp makes his reasonable foreseeability argument for the first time on appeal. Before the district court, he neither raised this issue nor voiced any objection to the sentencing court's findings. We therefore subject his claim to plain error review. *United States v. Maurice*, 69 F.3d 1553, 1557 (11th Cir. 1995). "We will find plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation

12

of a judicial proceeding." *United States v. Cromartie*, 267 F.3d 1293, 1294-95 (11th Cir. 2001).

After reviewing the record on appeal and the presentence report, we determine that the district court did not make a factual finding on the quantity of crack cocaine within the conspiracy that was reasonably foreseeable to Leonard Sapp. Because the district court did not make a reasonable foreseeability finding as to Leonard Sapp, as required by USSG § 1B1.3, this was error; in light of *Chitty*, it was plain.

We must then determine if the error affected Leonard Sapp's substantial rights. The district court adopted the factual findings contained in Leonard Sapp's presentence report. (R.23 at 8.) The facts found by the district court support the conclusion that at least 50 grams of crack cocaine were reasonably foreseeable to Leonard Sapp. Leonard Sapp was present at five of the six controlled purchases of crack cocaine; the amount sold by Leonard Sapp in the controlled buys was 48.7 grams. *See* Presentence Investigation Report, ¶ 10-17, 21. In addition, while executing the search warrant for the house where Leonard Sapp resided, the Government seized 20.8 more grams of crack cocaine. Presentence Investigation Report, ¶ 21. We conclude that it was reasonably foreseeable to Leonard Sapp that the conspiracy encompassed sales of crack cocaine of at least 50 grams. Because the district court's factual findings support reasonable foreseeability, the error committed

13

by the district court did not prejudice Leonard Sapp's substantial rights and the district court did not plainly err. *See United States v. Novaton*, 271 F.3d 968, 1015 (11th Cir. 2001) (holding that the defendants' substantial rights were not affected by a Sentencing Guidelines enhancement, even in the absence of a specific finding by the district court, because the evidence amply supported the enhancement).

## V. CONCLUSION

The convictions and sentences of Robert O'Neal, Leonard Sapp, and Jeffery Sapp are

AFFIRMED.