[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-10559

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-06244 CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD SAPP,
JEFFREY SAPP,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(November 9, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, BARKETT and COX, Circuit Judges.

PER CURIAM:

This case is before the court for reconsideration in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). A jury found the defendants Leonard Sapp and Jeffrey Sapp and co-defendant Robert O'Neal guilty of conspiracy to possess with intent to distribute at lease fifty grams of crack cocaine, in violation of 21 U.S.C. § 846, and guilty on multiple counts of possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841. Leonard Sapp was sentenced, pursuant to the United States Sentencing Guidelines ("Guidelines"), to a total of 360 months' imprisonment. Jeffrey Sapp was not sentenced under the Guidelines; he was sentenced to 240 months' imprisonment, the statutory minimum under 21 U.S.C. § 841(b)(1). We previously affirmed the convictions and sentences. *See United States v. O'Neal*, 362 F.3d 1310 (11th Cir. 2004). The Supreme Court vacated our prior decision as to Leonard Sapp and Jeffrey Sapp and remanded the case to us for reconsideration in light of *Booker*. *Jeffery Sapp v. United States*, 125 S. Ct. 1114 (2005); *Leonard Sapp v. United States*, 125 S. Ct. 1011 (2005). For the reasons that follow, we reinstate our prior decision affirming the Defendants' convictions and sentences.

Our circuit precedent holds that any argument not raised in a party's initial brief is considered abandoned. *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005). The *Booker* decision did nothing to abrogate that well-settled rule.

*United States v. Ardley*, 242 F.3d 989, 990 (11ᵗʰ Cir. 2005).  Contrary to assertions in their supplemental briefs, neither Defendant raised, in his initial appellate brief, any issue regarding the constitutionality of the Guidelines, either facially or as applied, or argued that his right to trial by jury was violated as a result of judicial fact-finding that enhanced his sentence.[1]  Thus, both of these defendants abandoned any *Booker* arguments they might have had.

**OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.**

---

[1]Leonard Sapp argues in his supplemental briefing on remand that waiver does not attach because an *Apprendi* argument was made in his initial appellate brief.  However, a review of his opening appellate brief reveals that Leonard Sapp incorporated by reference the only *Apprendi* argument made on appeal (that of co-defendant O'Neal)– that the special verdict form submitted to the jury was insufficient to comply with *Apprendi* because it inadequately apprised the jury that it had to find drug quantity "beyond a reasonable doubt."  That argument cannot be construed as a challenge to the constitutionality of the Guidelines and thus does not suffice to prevent waiver of the *Booker* issue.