[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14088
Non-Argument Calendar

_____

D. C. Docket No. 02-00045-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN LAWRENCE LAKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 18, 2008)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Steven Lake appeals his 151-month sentence for conspiracy to

distribute and to possess with intent to distribute 5 kilograms or more of a substance containing cocaine and MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. On appeal, Lake argues that the district court erred in (1) finding him accountable for more than five kilograms of cocaine and imposing the statutory minimum sentence based on that finding, and (2) finding that he was not entitled to safety-valve relief pursuant to U.S.S.G. § 5C1.2. After reviewing the record and reading the parties' briefs, we affirm Lake's sentence.

### *Drug quantity and statutory minimum sentence*

On appeal, Lake argues that the district court erred in determining the drug quantity at sentencing because, in a drug conspiracy case, the quantity for sentencing purposes is the amount reasonably foreseeable to the defendant, not the amount admitted at the plea colloquy. In particular, Lake argues that he should be accountable only for three kilograms he directly distributed and that the distribution of a greater amount was not reasonably foreseeable to him. Lake also argues that the district court failed to make an individualized finding of the drug quantity based on the record. Lake further argues that the court erred in applying the statutory minimum based on a drug quantity of five kilograms.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Sentencing Guidelines are no longer mandatory. 543 U.S. 220, 264, 125 S. Ct.

2

738, 767 (2005). Although the Guidelines are only advisory, a district court must calculate the advisory sentencing range correctly and must consider it when determining a defendant's sentence. *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005). *Booker* does not alter our previously established standards of review of the district court's interpretation of the Guidelines. *See id.*

We review a district court's determination of drug quantity used to establish a defendant's base offense level for clear error. *United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000). When a defendant fails to object to allegations of fact in a PSI, those facts are deemed to be admitted for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2096 (2007).

In the case of a drug conspiracy, the Sentencing Guidelines provide that a defendant is liable for his own acts and the reasonably foreseeable acts of others in furtherance of the jointly undertaken activity. U.S.S.G. § 1B1.3(a)(1)(B).

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, comment. (n.2(ii)).

In the case of a violation of 21 U.S.C. § 841(a) involving five kilograms or

3

more of a substance containing cocaine, a defendant faces a mandatory minimum term of imprisonment of ten years. 21 U.S.C. § 841(b)(1)(A)(ii). "[I]n determining a defendant's penalty under 21 U.S.C. § 841(b) for a violation of 21 U.S.C. § 846, the drug quantity must be reasonably foreseeable to that defendant where the effect of the quantity is to require the imposition of a statutory mandatory minimum sentence." *United States v. O'Neal*, 362 F.3d 1310, 1316 (11th Cir. 2004), *vacated on other grounds*, *Sapp v. United States,* 543 U.S. 1107, 125 S. Ct. 1114 (2005). This reasonably-foreseeable requirement is the same as that in U.S.S.G. § 1B1.3. *O'Neal*, 362 F.2d at 1315.

Because Lake did not challenge the fact that he distributed approximately three kilograms of cocaine and his partner in the drug business distributed five kilograms of cocaine, we conclude that the district court did not clearly err when it found Lake accountable for more than five kilograms of cocaine. We also conclude from the record that the district court properly used that drug quantity for the purpose of applying the ten-year minimum sentence under 21 U.S.C. § 841(b)(1).

*Safety valve*

Next, Lake argues that the district court improperly denied him relief under the safety valve. Specifically, he asserts that the district court relied on disputed

4

hearsay testimony and that prior flight is not an exception to safety-valve relief.

"When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations," but review "de novo the [district] court's legal interpretation of the statutes and sentencing guidelines." *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).

Under the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, a district court must impose a sentence without regard to the statutory minimum if, among other things, before the sentencing hearing, the defendant gives the government truthful and complete information concerning the offense or offenses that were part of the same course of conduct. *United States v. Simpson*, 228 F.3d 1294, 1304-1305 (11th Cir. 2000); 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). "The question of whether the information [that the defendant] supplied to the government . . . was truthful and complete . . . is a factual finding for the district court." *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).

The record shows that Lake's statements were inconsistent and incomplete regarding his own role in the conspiracy and the roles of others in the offense. Because Lake's statements were inconsistent and we give due regard to the district court's credibility determinations, we conclude that the district court did not

clearly err in finding that Lake had not provided truthful and complete information to the government and, thus, that he did not qualify for safety-valve relief. Accordingly, we affirm Lake's sentence.

**AFFIRMED.**