[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13761
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00263-JA-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILDA EUGENE ROBERTS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Wilda Roberts, Jr. appeals his convictions and 240-month total sentence on

the grounds that the evidence was insufficient to support his conviction for

conspiracy, the district court improperly admitted evidence under Federal Rule of Evidence (Rule) 404(b), and the district court improperly calculated the amount of drugs involved for sentencing. After a thorough review of the record and the parties' briefs, we affirm.

Roberts was indicted for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count 3).

At trial, the evidence established that following his arrest, Steve Heron agreed to cooperate with police by arranging for a drug delivery with Dennis Sata. After police arrested Sata, they used him to engage in a drug sale with Tony Esquivel. Esquivel did not deliver the drugs himself, but used couriers such as Kelly Louise Monahan-Bello (Bello). When Bello delivered the drugs to Sata for Esquivel, she was arrested and immediately agreed to cooperate with police. Bello confirmed the information Heron had given police and told police that she had delivered various amounts of cocaine to Roberts, Heron, and Sata. Bello received between $3,000 and $20,000 per delivery, depending on the amount of drugs, and she would then return the money to Esquivel. Over the relevant time period, Bello

delivered at least five kilograms of cocaine to Roberts. Bello recorded her phone calls with Roberts.

Police then arranged to have Bello deliver one kilogram of cocaine to Roberts. Bello met with Roberts in the master bedroom of Roberts's house, placed the cocaine on the bed, and left with $6,500. A subsequent search of Roberts's house revealed a kilogram of cocaine, a digital scale, cash, a firearm and ammunition, and a piece of paper with Esquivel's name and an account number. Photographs taken during the search also showed marijuana on the bed in the master bedroom. Roberts objected to the admission of one of the photos of marijuana as irrelevant; he did not object to the remaining photographs of the marijuana. The government responded that the evidence was relevant to show that Roberts had motive and intent to deal in drugs, to establish the absence of mistake, and to rebut Roberts's claim in opening argument that Bello had planted the cocaine in the house.

The court admitted the photographs under Rule 404(b) to show motive and intent and as intrinsic evidence not subject to Rule 404(b). At Roberts's request, the court cautioned the jury that marijuana was not an element of the crimes charged. The jury convicted Roberts of all three counts, finding that the

conspiracy involved 5 kilograms or more of cocaine and the possession charge involved 500 grams or more of cocaine.[1]

At sentencing, the court determined that Roberts was responsible for at least 5 kilograms but less than 15 kilograms of cocaine and that he was subject to a 20-year mandatory minimum sentence on the conspiracy count. The court sentenced Roberts to 240 months' imprisonment on Count 1, with concurrent 120-month terms on Counts 2 and 3. Roberts made no objections to the sentencing calculations or the mandatory minimum sentence. He now appeals.

## I.

Roberts challenges only the sufficiency of the evidence concerning his conspiracy conviction. We review *de novo* whether there was sufficient evidence to sustain a conviction. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We view the evidence in the light most favorable to the government, resolving any conflicts in favor of the government's case. *See United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010). We accept all reasonable inferences that tend to support the government's case and will affirm if we conclude that a reasonable factfinder could find that the evidence established that the defendant

---

[1] At the close of the government's case, Roberts moved for judgment of acquittal, which the court denied. Roberts rested his defense without presenting any evidence.

was guilty beyond a reasonable doubt.  *United States v. Williams*, 390 F.3d 1319, 1323-24 (11th Cir. 2004).

Credibility questions are for the jury, and we assume that the jury answered them in a manner that supports its verdicts.  *Jiminez*, 564 F.3d at 1285; *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006).  The "uncorroborated testimony of an accomplice may be enough to support a conviction if the testimony is not . . . incredible or otherwise insubstantial," even if the witness is an admitted wrongdoer.  *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005).  Testimony will not be considered incredible as a matter of law unless it is testimony that on its face cannot be believed, i.e., testimony as to facts that the witness could not have observed or events that could not have occurred under the laws of nature.  *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005).

To sustain a conviction for conspiracy to distribute drugs, the government must prove (1) that an agreement existed between two or more people to distribute the drugs, (2) that the defendant knew of the conspiratorial goal, and (3) that he knowingly joined or participated in the illegal venture.  *United States v. Brown*, 587 F.3d 1082, 1089 (11th Cir. 2009).  The jury can infer conspiratorial agreements from the conduct of the participants.  *United States v. Johnson*, 889 F.2d 1032, 1035 (11th Cir. 1989).  Although "the mere existence of a buyer-seller

5

relationship is insufficient to prove that the defendant agreed to the conspiracy," *id.*, we have established that, "where there are repeated transactions buying and selling large quantities of illegal drugs, that is sufficient evidence that the participants were involved in a conspiracy to distribute those drugs in the market," *Brown*, 587 F.3d at 1089 (citing *Johnson*, 889 F.2d at 1035-36).

Here, our review of the record shows that there was sufficient evidence for a reasonable jury to find that Roberts was guilty of a drug conspiracy. Given the repeated transactions and the amount of drugs involved, the evidence showed more than a "buyer-seller relationship." Additionally, Bello's testimony, which was not incredible as a matter of law, together with the rest of the government's case, provided sufficient evidence for a reasonable jury to conclude that Roberts was engaged in a conspiracy to distribute cocaine.

II.

Generally, we review a district court's decision to admit evidence under Rule 404(b) for abuse of discretion. *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir.), *cert. denied*, 131 S.Ct. 643 (2010). When a defendant fails to preserve a claim of evidentiary error by contemporaneously objecting, however, we review for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). In this case, Roberts objected to the admittance of one of the photographs

6

of marijuana, but failed to object to the rest of the photographs that displayed the drugs. Therefore, we will review the admission of the photographs under both standards. Nevertheless, Roberts's arguments fail.

Evidence of an uncharged criminal act is not extrinsic under Rule 404(b) if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir.1998). Evidence is inextricably intertwined when it tends to corroborate, explain, or provide necessary context for evidence regarding the charged offense. *See United States v. Jiminez*, 224 F.3d 1243, 1250 (11th Cir. 2000). We have also stated that:

> [e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if [it is] linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*McClean*, 138 F.3d at 1403 (quoting *United States v. Wilford*, 764 F.2d 1493, 1499 (11th Cir. 1985)). Evidence which is not Rule 404(b) evidence is excused

from the notice requirement of Rule 404(b).[2]  *See United States v. Leavitt*, 878 F.2d 1329, 1339 (11th Cir. 1989).

The district court did not abuse its discretion by admitting the photographs into evidence.  The photographs were intrinsic evidence because they explained the context, motive and set-up of the crime, and rebutted Roberts's claim that the cocaine was planted in his home.  Moreover, the search was executed immediately after the delivery of the drugs and thus the photographs are linked in time to the crime charged.  Accordingly, the evidence was not subject to Rule 404(b) and was properly admitted.

## III.

Because Roberts failed to object to the district court's sentencing determinations, his argument that the court erred by failing to determine the quantity of drugs reasonably foreseeable is subject to plain error review.  *United States v. O'Neal*, 362 F.3d 1310, 1316 (11th Cir. 2004), *vacated sub nom., Sapp v. United States*, 543 U.S. 1107, 125 S.Ct. 1114, 160 L.Ed.2d 1027 (2005), *reinstated*, 154 Fed. Appx. 161 (11th Cir. 2005).  Plain error exists where: "(1) there is an error; (2) the error is plain or obvious; (3) the error affects the

---

[2]  Because we conclude that the evidence was properly admitted and was not Rule 404(b) evidence, we reject Roberts's argument that the admission violated the standing discovery order.

defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Id.* (quotation omitted).

"[D]rug quantity must be reasonably foreseeable to that defendant where the effect of the quantity is to require the imposition of a statutory mandatory minimum sentence." *O'Neal*, 362 F.3d at 1316. Thus, the district court "must sentence the defendant based on an individualized finding, supportable by a preponderance of the evidence, as to the drug quantity foreseeable by that defendant." *United States v. Bacon*, 598 F.3d 772, 778 (11th Cir. 2010). A court's failure to make an individualized, reasonable foreseeability determination is error that is plain. *See O'Neal*, 362 F.3d at 1316. But if a district court's factual findings support the reasonable foreseeability of the amount of drugs for which the defendant was sentenced, then the error does not prejudice the defendant's substantial rights. *See id.* at 1317.

A sentencing court's findings of fact can be based on undisputed statements in a PSI and the failure to object deems those facts admitted; thus, the court is allowed to rely on them, despite the absence of supporting evidence. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009).

In this case, although the district court failed to make an individualized determination regarding the amount of cocaine reasonably foreseeable to Roberts, Roberts has not shown that this error resulted in substantial prejudice. The record and the undisputed facts in the PSI showed that at least five kilograms of cocaine were reasonably foreseeable to Roberts. Accordingly, Roberts cannot show plain error requiring reversal.

For the forgoing reasons, we affirm Roberts's convictions and sentences.

**AFFIRMED.**