[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15953
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00006-SPM-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE CONDER JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 16, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lee Conder James appeals his conviction and mandatory minimum 20-year sentence for conspiracy to possess with intent to distribute greater than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. On appeal, James argues that (1) the evidence supporting his conviction was insufficient, and (2) the court procedurally erred by imposing the mandatory minimum sentence by relying on the jury's special verdict for drug quantity without conducting further fact finding. After thorough review, we affirm.

We review de novo whether sufficient evidence supports a conviction, drawing all reasonable factual inferences from the evidence in favor of the verdict. United States v. Beckles, 565 F.3d 832, 840 (11th Cir. 2009). We review sentencing arguments raised for the first time on appeal for plain error. United States v. Bacon, 598 F.3d 772, 777 (11th Cir. 2010). To establish plain error, the defendant bears the burden to show that there was (1) error, (2) that was plain, and (3) that affects substantial rights, and we may then exercise discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceeding. Id. An error is "plain" if it is obvious and clear under current law. Id.

First, we are unconvinced by James's argument that the evidence was insufficient to support his conviction. Evidence is sufficient if a reasonable trier of fact could find that it established guilt beyond a reasonable doubt. Beckles, 565

2

F.3d at 840.  A determination concerning a witness's credibility is the exclusive province of the jury.  United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997).  On appeal, a witness will be considered incredible as a matter of law only if the testimony is unbelievable on its face, including testimony to events that could not have been observed or could not have occurred under the laws of nature. Id.  We have said that a witness's criminal history or incentive to give particular testimony does not make the testimony incredible as a matter of law.  Id.

To convict a defendant of conspiracy under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that there was (1) an agreement between the defendant and at least one other person, (2) the object of which was to violate the narcotics laws.  See United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998). The government may prove these elements by circumstantial evidence, and need not demonstrate the existence of a formal agreement.  Id.  In order to have an "agreement" to support a conspiracy conviction, the government must prove the existence of "an agreement with the same joint criminal objective."  United States v. Dekle, 165 F.3d 826, 829 (11th Cir. 1999).  The government need not show that a defendant knew of every aspect or detail of a conspiracy, but rather needs to prove that the defendant knew of the "essential nature" of the conspiracy.  United States v. Garcia, 405 F.3d 1260, 1269-70 (11th Cir. 2005).

3

To sustain a conviction for a substantive violation of 21 U.S.C. § 841(a)(1), the government would have had to prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute. United States v. Garcia-Bercovich, 582 F.3d 1234, 1237 (11th Cir. 2009); see also United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006) (providing that "the government must have proved beyond a reasonable doubt that [the defendant] knowingly possessed the drugs with intent to distribute them").

Here, James does not argue that a conspiracy did not exist and does not argue that his actions did not aid that conspiracy. However, he argues that there was insufficient evidence that he was aware that the conspiracy involved the distribution of an illegal substance -- namely, marijuana. Viewing the evidence in the light most favorable to the government, there are two pieces of evidence that particularly show that James had actual knowledge of the marijuana: (1) his codefendant's testimony, as a cooperating witness, that, at some point during the course of the conspiracy, he told James that the packages he was helping him unload contained marijuana, and (2) an agent's testimony that, when he searched the warehouse where James had unloaded and broken up the crate where the marijuana was stored, the warehouse smelled of marijuana. James's argument that his codefendant's testimony should be considered incredible as a matter of law

4

because of his criminal history and incentive to testify is foreclosed by our precedent.  See Calderon, 127 F.3d at 1325.

Thus, giving every reasonable inference in favor of the verdict, it appears that at some point during the conspiracy, James learned that the incoming shipments that he helped unload contained marijuana and agreed to continue his role.  This evidence -- that James knowingly continued to facilitate large shipments after learning that they contained marijuana -- supports the jury's verdict that James conspired to distribute marijuana.  His insufficiency argument fails.

Next, we find no plain error in the sentencing court's reliance on the jury's drug quantity finding.  To begin with, a defendant abandons an issue on appeal if he does not "plainly and prominently" address it in his appellate brief.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Recently, we explained that, under Jernigan, any claim that is not clearly and unambiguously addressed in a discrete section may be considered abandoned.  Brown v. United States, __ F.3d __, 2013 WL 3455676, *12 (11th Cir. July 10, 2013).  Along a similar vein, a defendant may not challenge as error a ruling that he invited.  United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006); see also F.T.C. v. AbbVie Prods. LLC, 713 F.3d 54, 65-66 (11th Cir. 2013) (concluding that a party that had argued for a certain standard in the district court invited error insofar as it sought a different standard on appeal).  In Love, we held that a defendant could not

challenge his eligibility for supervised release where, at sentencing, he requested a sentence that included a term of supervised release.  449 F.3d at 1157.

A defendant, convicted of conspiring to distribute a controlled substance, faces a mandatory minimum sentence of 20 years' imprisonment if the defendant was responsible for 1,000 kilograms or more of a mixture containing marijuana and has a prior felony drug offense.  21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and 846.  In determining an applicable statutory minimum sentence, a defendant is responsible for drugs associated with conspiracy activities in which he is involved and for the drugs involved in subsequent acts that are in furtherance of the conspiracy and reasonably foreseeable to the defendant.  United States v. Chitty, 15 F.3d 159, 162 (11th Cir. 1994).  We later said, under Chitty, that a sentencing court was required to make an individualized finding of the quantity of a substance that could be attributed to a defendant based on reasonable foreseeability.  United States v. O'Neal, 362 F.3d 1310, 1316 (11th Cir. 2004), vacated sub nom. Sapp v. United States, 543 U.S. 1106 (2005), reinstated sub nom. United States v. Sapp, 154 F. App'x 161 (11th Cir. 2005).  We again later clarified that a jury's special verdict as to the quantity of drugs attributable to an entire conspiracy should not be automatically applied to each individual defendant without an individualized finding, supportable by a preponderance of the evidence, as to the drug quantity

foreseeable by that defendant.  Bacon, 598 F.3d at 778.  In Bacon, we held that the court's failure to make individualized findings was error and was plain.  Id.

As an initial matter, James may have invited any error arising out of the imposition of the statutory mandatory minimum sentence.  At sentencing, James told the court that he was subject to a 20-year mandatory sentence and asked the court to impose a 20-year sentence.  Now, on appeal, he argues that the imposition of that statutory minimum was in error, suggesting that any error arising out of that sentence was invited.  But in any event, the error that he alleges was not, under our precedent, error that was plain, despite the government's concession to the contrary.  Bacon required the sentencing court to make individualized findings where the jury made a finding as to the drug quantity only for the overall conspiracy.  Id.  Here, the district court did not rely on a generalized finding of drug amount attributable to the conspiracy as a whole, but rather it relied on a jury finding as to the amount of drugs attributable specifically to James.  Therefore, under Bacon, it was not error for the court to have relied on the jury's special verdict where, as here, the jury made an individualized conclusion.  See id. at 777.[1]

_____

[1] It is unclear to what extent Bacon and O'Neal remain applicable law after the Supreme Court's recent decision in Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013).  There, the Supreme Court held that under the Sixth Amendment of the Constitution, any fact that increases the applicable minimum sentence is an element of the offense and therefore must be submitted to the jury.  Id. at 2162-63.  Thus, the scenario contemplated in Bacon and O'Neal -- where a judge was required to determine each defendant's liability after the jury reached a generalized special verdict of the overall conspiracy's quantity -- can no longer arise under Alleyne, because the jury would be required to make any finding that enhances the minimum

**AFFIRMED.**

---

sentence.  However, here, James does not raise a constitutional argument, so we do not consider this claim.  Jernigan, 341 F.3d at 1283 n.8.  And in any event, as we've discussed above, the jury in this case made a finding about the amount of drugs attributable only to James.