[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2010
JOHN LEY
CLERK

_____

No. 08-10463

_____

D. C. Docket No. 06-00026-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BETTY BACON,
SHEIKEL JAMISON,
MISTRELL ALVIN,
ANDREA FRANKLIN,
JESSICA ROBERTS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(March 4, 2010)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Mistrell Alvin, Betty Bacon, Andrea Franklin, Sheikel Jamison, and Jessica Roberts raise various challenges to their convictions and sentences under 21 U.S.C. §§ 841(b) and 846. Based upon a thorough review of the record and after oral argument, we affirm with one exception: we vacate Jamison's sentence and remand for further proceedings consistent with this opinion.

## I. Background

Defendants-appellants, together with 30 others, were charged with conspiracy to possess and distribute cocaine as part of an organization headed by Julius Pinkston. Pinkston initially cooperated with the government, admitting his culpability and that of his co-conspirators in his debriefing. Soon afterward, however, Pinkston fled. All but the five appellants in this case pleaded guilty.

At trial, the government presented the testimony of 14 co-defendants and several police agents as well as the recordings of intercepted phone calls from three wiretaps. The government alleged that Alvin acted as a courier for the organization and frequently delivered drugs to Bacon, his mother, who stored them at her home. The government also alleged that Roberts, Alvin's girlfriend and later wife, drove Alvin to a drug exchange. Finally, the government alleged that Franklin, Pinkston's girlfriend, and Jamison were involved in the distribution of

2

drugs.

The jury convicted these five defendants of conspiracy to possess cocaine with the intent to distribute and made a special finding that the conspiracy involved 50 grams or more of cocaine base, or 5 kilograms or more of cocaine hydrochloride. Franklin, Jamison, and Roberts appeal their convictions, challenging the sufficiency of the evidence for conviction.[1] Alvin, Bacon, Jamison, and Roberts argue that the court plainly erred in sentencing.

## II. Discussion

*A. Sufficiency of the Evidence Claims*

Franklin, Jamison, and Roberts argue that the government did not present sufficient evidence to support their convictions. We review challenges to sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in the government's favor. *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008). "[T]he question is whether reasonable minds *could* have found guilt beyond a reasonable doubt, not whether reasonable minds *must* have found

---

[1] Alvin, Bacon, Jamison, and Roberts also challenge their convictions on numerous evidentiary grounds. We review their challenge to the court's limitation on cross examination for an abuse of discretion, *United States v. Burke*, 738 F.2d 1225, 1227 (11th Cir. 1984), and review the remainder of their challenges for plain error because the defendants object for the first time on appeal. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). Our review of the record reveals neither abuse of discretion nor plain error, and we need not discuss these challenges in further detail.

guilt beyond a reasonable doubt." *United States v. Ellisor*, 522 F.3d 1255, 1271 (11th Cir. 2008). The jury is free to draw between reasonable interpretations of the evidence presented at trial. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).

To prove Franklin's participation in the conspiracy, the government presented evidence from 13 telephone conversations and the testimony of five witnesses. Franklin argues that the telephone evidence was circumstantial and the witness testimony was biased. She claims that her testimony is the only "consistent and credible account of the events surrounding her involvement." The jury, however, was entitled to find the government's case convincing and the government witnesses credible. Finally, because Franklin testified, the jury was free to disbelieve her and consider her statements as untruthful and as substantive evidence of her guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Construing the evidence in the light most favorable to the government, we therefore conclude that the government presented sufficient evidence to convict Franklin.

To establish Jamison's role as a distributor in Pinkston's organization, the government presented intercepted telephone conversations and the testimony of two witnesses. Jamison argues that this evidence was only sufficient to establish

4

that he was in a buyer-seller relationship with Pinkston and, therefore, was not sufficient to support his conviction. *See United States v. Dekle*, 165 F.3d 826, 829 (11th Cir. 1999) (holding that the joint objective necessary for a conspiracy conviction "is missing where the conspiracy is based simply on an agreement between a buyer and a seller for the sale of drugs.").

Wiretap evidence showed that Jamison made repeated phone calls to Pinkston and others complaining that he could not reach Alvin when he was returning with drugs from Atlanta. It also showed that Jamison employed the term "four-way," likely a code name for the conspiracy to distribute 4.5 ounces of cocaine. Furthermore, two witnesses testified that Jamison was highly involved in the drug operation. Finally, Jamison's drug transactions were larger than those that an ordinary buyer would make: he bought 125 to 250 grams of cocaine at a price that was one quarter of the market price per gram. From this evidence, the jurors could reasonably infer that Jamison was a distributor, and we conclude that the evidence was sufficient to convict Jamison.

To prove Roberts's role in aiding and abetting the conspiracy by driving Alvin to a drug exchange, the government presented both wiretap evidence and the testimony of Stephanie Collins, Pinkston's daughter. Roberts argues that she was merely present at the drug exchange and that "there simply was not evidence to

show that [she], with knowledge of the criminal purpose of her husband's alleged role in the conspiracy, wilfully joined it."

Collins testified that Roberts drove Alvin and her baby more than 180 miles, stopped on the side of the road, spoke normally with Collins while Collins and Alvin transferred drugs wrapped in black electrical tape from underneath Roberts' baby's seat and behind the back seat, and then drove home. Wiretap evidence revealed telephone calls describing frequent attempts to contact both Roberts and Alvin to find out whether they were on the way to make the drug exchange. In one of those calls, Collins asked Pinkston, "who['s] suppose[d] to take care of them on the chips?" Collins later testified that this was a reference to paying both of them for the drug transfer.

To establish Roberts' guilt, "the evidence must show that the conspiracy occurred, and that the defendant associated [herself] with a criminal venture, participated in it as something [she] wished to bring about, and sought by [her] actions to make it succeed." *United States v. High*, 117 F.3d 464, 468 (11th Cir. 1997). Viewing the evidence in the light most favorable to the government, the jury reasonably could have inferred Roberts' participation in the conspiracy from the phone calls trying to reach her, Pinkston's reference to taking care of "them," the fact that she chatted normally with Collins while drugs were being taken out of

6

the car, and that she drove more than 360 miles round trip with no other destination than the drug exchange. Furthermore, the jury twice was instructed on mere presence but still convicted Roberts; therefore, we can "infer that the jury considered the defense raised by [Roberts] and found it unpersuasive." *United States v. Walker*, 720 F.2d 1527, 1538 n.6 (11th Cir. 1983). In addition, although mere presence is insufficient to support a conviction for conspiracy, the jury is permitted to consider presence as a probative factor in determining whether the defendant knowingly and intentionally participated in a criminal scheme. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). Thus, we conclude that the evidence was sufficient to support Roberts' conviction.

## B. Sentencing Claims

Alvin, Bacon, Roberts, and Jamison appeal their sentences. Because the defendants did not raise any of these arguments before the district court, we review for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). To establish plain error, the defendants bear the burden of showing that there was an "(1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise . . . discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Turner*, 474 F.3d 1265, 1276

(11th Cir. 2007) (quoting *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003)). An error is "plain" if "it is obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006).

Alvin, Bacon, and Roberts argue that the court should have granted them role reductions for sentencing purposes. Role adjustment determinations involve "a determination that is heavily dependent upon the facts of a particular case." U.S.S.G. § 3B1.2. comment. (n.3(C)). After weighing the totality of the circumstances, we conclude that the trial judge did not make an error that was obvious and clear under current law and we therefore affirm their sentences.

Jamison argues that the district court plainly erred by sentencing him to the 10-year mandatory minimum based on the jury's special verdict that the conspiracy was responsible for more than 5 kilograms of cocaine. *See* 21 U.S.C. § 841(b) (requiring a person convicted of conspiracy to distribute more than 5 kilograms of cocaine to receive a sentence of at least 120 months). In support, Jamison points out that the court of appeals for eight circuits have held that sentences must correspond to the quantity of drugs attributable to each individual defendant in drug conspiracy cases. *See United States v. Colon-Solis,* 354 F.3d 101 (1st Cir. 2004); *United States v. Swiney*, 203 F.3d 397, 405 (6th Cir. 2000); *United States v. Ruiz*, 43 F.3d 985, 992 (5th Cir. 1995); *United States v. Young*, 997 F.2d 1204 (7th

8

Cir. 1993); *United States v. Becerra*, 992 F.2d 960, 966 n.2 (9th Cir. 1993); *United States v. Martinez*, 987 F.2d 920, 926 (2d Cir. 1993); *United States v. Irvin*, 2 F.3d 72, 77-78 (4th Cir. 1993); *United States v. Jones*, 965 F.2d 1507 (8th Cir. 1992). The government argues that the Eleventh Circuit has not joined this approach, however, and therefore it is not clear under current law that the district court erred when it sentenced Jamison based on the total quantity of drugs involved in the conspiracy rather than the amount individually attributed to him.

In *United States v. Chitty*, we vacated a sentence based on the mandatory minimum for the amount of drugs attributed to the conspiracy and remanded for re-sentencing based on the amount of drugs reasonably foreseeable to the individual defendant. 15 F.3d 159 (11th Cir. 1994). In a decision that was vacated by the Supreme Court but was later reinstated in an unpublished opinion on remand, we stated "that *Chitty* is consistent with the decisions of our sister circuits that have considered this issue" and concluded that "[t]he rule . . . is that, in determining a defendant's penalty under 21 U.S.C. § 846, the drug quantity must be reasonably foreseeable to that defendant where the effect of the quantity is to require imposition of a statutory mandatory minimum sentence." *United States v. O'Neal*, 362 F.3d 1310, 1315-16 (11th Cir. 2004).[2] We further concluded that a special

---

[2] *O'Neal* was vacated by the Supreme Court in *Sapp v. United States*, 543 U.S. 1106 (2005) and 543 U.S. 1107 (2005) but was reinstated in an unpublished decision, 154 Fed. Appx.

jury verdict should not be automatically applied to each defendant and that the failure of the district court to use the reasonable foreseeability test in its sentencing determination under § 846 was "plain error." *Id*. at 1316. We reaffirm this precedent and hold that, when a defendant is convicted of participating in a drug-trafficking conspiracy under 21 U.S.C. § 846, the court must sentence the defendant based on an individualized finding, supportable by a preponderance of the evidence, as to the drug quantity foreseeable by that defendant.

Thus, the district court plainly erred in sentencing Jamison. This error both affected Jamison's substantial rights and threatened the integrity of the proceedings: sentencing him based on an individualized attribution could both reduce the length of his sentence and alleviate gross injustice in sentencing. We therefore vacate Jamison's sentence and remand to the district court for re-sentencing consistent with this opinion.

### III.  Conclusion

Accordingly, the convictions of all the defendants and the sentences of Alvin, Bacon, and Roberts are affirmed. Jamison's sentence is vacated and his case is remanded for re-sentencing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

161 (11th Cir. 2005).