[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10773
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-tp-20244-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2010)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rafael Perez appeals his 24-month, statutory maximum sentence, imposed upon

the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). On

appeal, Perez argues that his sentence was both procedurally and substantively unreasonable because the district court based it in part on an impermissible factor, namely, the court's "disagreement with the policy of the United States government not to deport Cubans to Cuba." After careful review, we affirm.

Ordinarily, we review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Our "reasonableness" review "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). However, we review sentencing arguments raised for the first time on appeal for plain error. United States v. Bacon, 598 F.3d 772, 777 (11th Cir. 2010). Under plain-error review, we can only make corrections if there is an error, that is plain, affects substantial rights, and "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted). Here, we review Perez's argument that the district court based his sentence on an impermissible factor for plain error because he did not raise this argument before the district court.

A court may, after considering certain factors in 18 U.S.C. § 3553(a), revoke a defendant's supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. §

2

3583(e)(3). The factors a court must consider in sentencing a defendant after a revocation of supervised release include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to deter criminal conduct, protect the public from the defendant's further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing guideline range; (4) any pertinent policy statement; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to victims of the offense. See 18 U.S.C. §§ 3553(a) and 3583(e).

In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties'

arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. There is a "range of reasonable sentences from which the district court may choose," and a sentence within the guideline range is ordinarily expected to be reasonable. Id.

We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). "[A] sentence may be substantively unreasonable when the district court . . . bases the sentence on impermissible factors." Id. at 1191-92 (quotation omitted); see also United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (noting that a sentence is unreasonable it if is based "entirely" on an impermissible factor because it does not achieve the purposes of § 3553(a)).

4

The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors.  Talley, 431 F.3d at 788.

Here, Perez has failed to show that the district court based his sentence on an impermissible consideration -- the court's disagreement with the United States's deportation policy.  While, at sentencing, the court expressed some displeasure about the fact that Perez could not be sent back to Cuba, the record shows that the court's primary emphasis in determining Perez's sentence was on the fact that Perez had taken advantage of the laws of the United States by seeking and being granted refugee status, yet had voluntarily returned to Cuba despite his status and used fraudulent documents in doing so.  The court stated that Perez acted with "colossal gall" and "abused [his] preferred status by using falsified documents which he'd already been convicted of to go back" to Cuba.  The court also stated that Perez had "not only abused [this country's] hospitality, but he ha[d] taken advantage of fellow immigrants and refugees.  What he has done is despicable, and I believe that he deserves a very long prison sentence for this and I wish I could send him to jail for longer."

Based on this record, it is clear that the district court's primary concern in imposing Perez's sentence was his disregard of the laws and conditions of his supervised release, the effect his actions had on others, and the fact that his supervised release violations involved illegal conduct similar to that for which he

5

originally was put on supervised release. These considerations were relevant to Perez's history and characteristics, the nature and circumstances of his offense, and the need to deter future criminal conduct and protect the public from further crimes, and support that a statutory maximum sentence was appropriate. See 18 U.S.C. § 3553(a)(1), (a)(2)(B) & (C). The district court also referenced Perez's criminal history and noted that he had "gotten every break in the book," which is relevant to Perez's history and characteristics and the need to afford adequate deterrence and protect the public. See 18 U.S.C. § 3553(a)(1), (a)(2)(B) & (C). The record thus shows that the court based Perez's sentence on considerations relevant to the § 3553(a) factors, and the court could reasonably conclude that the 24-month, statutory maximum sentence was sufficient, but not greater than necessary, to achieve the purposes of the relevant factors.

Accordingly, Perez has not established that the district court based his sentence on an impermissible consideration. Because this is his only argument on appeal, Perez has failed to show that the district court plainly erred in imposing a procedurally or substantively unreasonable sentence.

**AFFIRMED.**