[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12371
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:03-cr-20632-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUELINE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2011)

Before DUBINA, Chief Judge, TJOFLAT and CARNES, Circuit Judges.

PER CURIAM:

Appellant Jacqueline Jackson appeals her 36-month total sentence, imposed

after the district court found that she violated the terms of her supervised release.

On appeal, Jackson argues that her sentence was both procedurally and substantively unreasonable. Jackson contends that the sentence was procedurally unreasonable because the district court failed to identify the correct legal standard in finding that she violated the conditions of her supervised release. Specifically, she asserts that the district court merely found that she was guilty of the charged violations "under the totality of the circumstances." According to Jackson, her sentence also was substantively unreasonable because it was "greater than necessary to achieve the goals of sentencing as outlined in [18 U.S.C.] § 3553(a)."

Ordinarily, we review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Our "substantive review of sentences is deferential" and "only look[s] to see if the district court abused its discretion by committing a clear error in judgment." *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (*en banc*). Review for abuse of discretion applies to "all sentences, whether within or without the guidelines . . . ." *Id.* at 1186 (citing *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007)).

We review arguments raised for the first time on appeal for plain error. *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010). An argument will not be preserved for appeal unless the appellant stated it clearly "enough to inform the

district court of the legal basis for the objection . . . ." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). Under plain-error review, we can only make corrections if there is an error, that is plain, and that affects substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). If these criteria are met, we have the discretion to correct the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993) (quotation and alteration omitted).

A sentence may be procedurally or substantively unreasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence may be procedurally unreasonable if the district court (1) improperly calculates the guideline range, (2) treats the Guidelines as mandatory, (3) fails to consider the appropriate § 3553(a) factors, (4) selects a sentence based on clearly erroneous facts, or (5) fails to adequately explain the chosen sentence, including an explanation for any deviation from the guidelines range. *Id.* A district court, however, is not required to state that it has explicitly considered each of the § 3553 factors or to discuss each factor. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

In reviewing the substantive reasonableness of a sentence, we consider "the totality of the circumstances" to determine whether the sentence achieves the goals

outlined in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). A sentence may be substantively unreasonable where a district court "unjustifiably relied" on a single § 3553(a) factor, failed to consider relevant factors, chose the sentence arbitrarily, or considered impermissible factors in selecting the sentence. *Id.* Although the district court must provide a "sufficiently compelling" justification to support a sentence that varies outside the Guidelines, we will not presume that a sentence outside the Guidelines is unreasonable. *United States v. Mateos*, No. 08-17178, slip op. at *32 (11th Cir. Oct. 19, 2010). In addition, the text of § 3553(a) requires the district court to "impose a sentence *sufficient*, but not greater than necessary" to comply with the goals of sentencing as outlined in that section. 18 U.S.C. § 3553(a) (emphasis added). Accordingly, § 3553(a) requires "not merely that a sentencing court when handing down a sentence be stingy enough to avoid one that is too long, but also that it be generous enough to avoid one that is too short." *Irey*, 612 F.3d at 1197.

After reviewing the record and reading the parties' briefs, we conclude that the district court did not plainly err in failing to state the standard of proof that applied at sentencing, and even if the court had applied the wrong standard, the record amply supported the court's finding that Jackson violated the terms of her supervised release. In addition, we conclude that the district court did not impose

4

a sentence that was "greater than necessary" to achieve the goals of § 3553(a), and, given the need to protect the public and Jackson's history of violations of both probation and supervised release, the district court did not plainly err in sentencing Jackson above the guideline range.  Accordingly, we affirm Jackson's total sentence.

**AFFIRMED.**