[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15261
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20575-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAXWELL GEORGE FRANKLYN,
a.k.a. Cashmore Forrester,
a.k.a. Terry Lee Taylor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

After Maxwell George Franklyn pled guilty to illegal re-entry by a convicted felon, in violation of 8 U.S.C. § 1326(a) and (b)(2), the district court sentenced him to a prison term of 70 months, a sentence at the low end of the Guidelines sentencing range. He now appeals the sentence, raising two issues: (1) whether the district court's statement at the sentencing hearing that the applicable Guidelines sentencing range was "presumptively reasonable" constitutes procedural error, and (2) whether the district court imposed a substantively unreasonable sentence by failing to afford adequate weight to his personal history and characteristics.

Franklyn did not object to the district court's statement that the applicable Guidelines sentencing range is presumptively reasonable. Thus, to prevail on that issue, he must show that the court (1) erred; (2) the error was plain; and (3) it affected his substantial rights. *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010). If these elements are present, we may exercise our discretion to vacate the district court's judgment and remand the case for further proceedings if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quotation omitted). We resolve the first issue against Franklyn, because the error did not affect Franklyn's substantial rights, and turn to the second issue, whether his sentence is substantively reasonable.

A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing as stated in [18 U.S.C. §] 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Pursuant to § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines sentencing range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1192-93 (11th Cir. 2010) (*en banc*), *cert. denied*, (U.S. Apr. 4, 2010) (No. 10-727). We will remand for resentencing when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

We find nothing in this record to indicate that the district court failed to comply with these sentencing principles and objectives. Franklyn's sentence is therefore substantively reasonable.

AFFIRMED.