[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10400
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00011-RH-WCS-3


UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

                        versus

CHRISTOPHER JOHNSON,

                                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 4, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Christopher Johnson appeals his conviction for conspiring to possess with intent to distribute five or more grams of crack cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Johnson argues that the evidence is insufficient to support his conviction. We affirm.

The district court did not err by denying Johnson's motion for a judgment of acquittal. The testimonies of two federal agents, Patrick Sanford and Michael Graham, and of Dondrick Eaves and recordings of telephone conversations established that Johnson conspired with his suppliers and Eaves to distribute five or more grams of crack cocaine. See United States v. Bacon, 598 F.3d 772, 775–76 (11th Cir. 2010). Sanford testified that Graham, acting as a confidential informant, purchased from Eaves cocaine brokered on behalf of Johnson and other suppliers. Sanford observed a drug transaction between Graham, Eaves, and Johnson at a flea market, and later Graham gave Sanford a package of 7.2 grams of crack cocaine that Graham said he had purchased from Johnson at the market. Both Graham and Eaves testified that Johnson had sold Graham the package of crack cocaine and that they had purchased cocaine from Johnson on other occasions. Eaves also testified that he would contact Johnson about interested buyers of cocaine and that Johnson and other suppliers would compensate Eaves by giving him cocaine in lieu of money. Five telephone conversations between

2

Eaves and Johnson corroborated the testimonies of Graham and Eaves about Johnson's drug sales and established that Johnson had relationships with other drug sellers. In four telephone calls, Eaves and Johnson discussed returning some inferior cocaine that Johnson had purchased, obtaining cocaine from suppliers Louis Bunch and Willie Thompson, and trying to acquire a "quarter" of cocaine. During a fifth conversation, Johnson told Eaves that he had some customers for him. Eaves authenticated the telephone calls, and he testified about other conversations with Johnson involving purchases of cocaine and using Thompson as a supplier. Although the evidence is circumstantial, it is more than sufficient to prove a "'concert of action,'" United States v. Thompson, 422 F.3d 1285, 1290 (11th Cir. 2005) (quoting United States v. Guerra, 293 F.3d 1279, 1285 (11th Cir. 2002)), among Johnson, Eaves, and other suppliers to distribute cocaine.

We **AFFIRM** Johnson's conviction.