[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

No. 10-12604

_____

D.C. Docket No. 1:09-cr-00240-KD-N-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN RAMON SABINA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 11, 2012)

Before TJOFLAT and CARNES, Circuit Judges, and MICKLE,* District Judge.

PER CURIAM:

Juan Sabina appeals his conviction for conspiracy to possess marijuana with

_____

*Honorable Stephan P. Mickle, United States District Judge for the Northern District of Florida, sitting by designation.

intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, contending that the evidence was insufficient to support the jury's verdict.

I.

An anonymous tipster called a drug task force in Mobile County, Alabama, reporting that people were growing marijuana at three properties in Eight Mile, Alabama. The properties are within three miles of each other, and the tipster said that on each property there was not only a house but also an outbuilding equipped with large air conditioners.

Police officers obtained search warrants for the three properties mentioned in the tip. The first property the officers searched was located on Jib Road and was owned by Sabina, although he had leased it to Omar Huezo. Just as the tipster said, Sabina's property had a house and an outbuilding. Inside the house, the officers found a marijuana growing operation, which included high-intensity lighting equipment, voltage-boosting ballasts used to power that lighting equipment, timers, and 119 marijuana plants. Two cars were parked in the driveway, and one of them was registered to Sabina. The outbuilding contained remnants of a marijuana growing operation, including two 5-ton air conditioners used to counteract the heat from the high-intensity lighting equipment, which might otherwise burn the marijuana plants.

2

The second property mentioned in the anonymous tip was owned by Jose Noriega and was located on Chutney Drive. When officers arrived at that property, they encountered Sabina, Huezo, and Noriega drinking beer on the back porch. Inside the property's outbuilding, officers found "[a] very large and elaborate marijuana grow[ing] operation," including "identical wiring and ballasts and lights as at the Jib Road address" and 245 marijuana plants. And there were two 5-ton air conditioners attached to the outbuilding. Inside the Chutney Drive house, officers found more high-intensity lighting equipment and ballasts.

The third property mentioned in the tip was located on Kushla McLeod Road. There the officers uncovered a marijuana growing operation similar to those at the Jib Road and Chutney Drive properties, including high-intensity lighting equipment, ballasts, timers, an outbuilding with one 5-ton air conditioner attached to it, a garage with another 5-ton air conditioner attached to it, and 160 marijuana plants.

A federal grand jury issued a superseding indictment charging Sabina, Huezo, Noriega, and four other defendants with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). It also charged Noriega and Huezo with knowingly possessing a

3

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). In addition, it included a forfeiture count. See 21 U.S.C. § 853.[1]

A jury found Sabina guilty of conspiracy, but the court declared a mistrial on the possession charge after the jury deadlocked on it. The presentence investigation report advised that the guidelines range for his conviction on the conspiracy count would have been 41 to 51 months but that the mandatory minimum prison sentence is 60 months for the quantity of marijuana that Sabina was convicted of conspiring to possess. See 21 U.S.C. §§ 841(b)(1)(B), 846. The court sentenced him to 60 months imprisonment and imposed a 5-year term of supervised release.

## II.

"We review de novo the sufficiency of the evidence presented at trial, and we will not disturb a guilty verdict unless, given the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt." United States v. White, 663 F.3d 1207, 1213 (11th Cir. 2011) (quotation marks omitted). "In

---

[1]One defendant remains a fugitive. Huezo pleaded guilty to the conspiracy charge and to the charge of possessing a firearm in furtherance of a drug trafficking crime, and two other defendants pleaded guilty to the conspiracy charge. Noriega, Sabina, and one other defendant went to trial, but the district court granted that other defendant's motion for a judgment of acquittal after the government's case-in-chief. Noriega was convicted of conspiracy and possession of marijuana with intent to distribute and he appealed his convictions. In a separate opinion issued today, we are entering a limited remand in Noriega's case. See United States v. Noriega, — F.3d —, No. 10-12480 (11th Cir. April 11, 2012).

reviewing the sufficiency of the evidence, we look at the record in the light most favorable to the verdict and draw all reasonable inferences and resolve all questions of credibility in its favor." Id. (quotation marks omitted).

To prove that Sabina committed the crime of conspiracy to possess marijuana with intent to distribute, the government had to establish: (1) the existence of an agreement between two or more persons for someone to possess marijuana with intent to distribute; (2) "that [Sabina] knew of the conspiratorial goal"; and (3) "that he knowingly joined or participated in the illegal venture." United States v. Brown, 587 F.3d 1082, 1089 (11th Cir. 2009). "Because conspiracies are secretive by nature, the existence of an agreement and [Sabina's] participation in the conspiracy may be proven entirely from circumstantial evidence." White, 663 F.3d at 1214 (quotation marks omitted).

Sabina contends that there was not enough evidence to convict him of conspiracy, arguing that "[t]he government's evidence shows only [his] presence at a location, where marijuana was found on the property." It is true that "mere presence is insufficient to support a conviction for conspiracy, [but] the jury is permitted to consider presence as a probative factor in determining whether the defendant knowingly and intentionally participated in a criminal scheme." United States v. Bacon, 598 F.3d 772, 777 (11th Cir. 2010). In addition to Sabina's

5

presence at the Chutney Drive property, the record contains other evidence of his guilt. Sabina owned the Jib Road property where officers found a marijuana growing operation and found his vehicle parked in the driveway. He also leased that property to one of his codefendants, whom officers found drinking beer with Sabina at the Chutney Drive property, where there was an almost identical marijuana growing operation to the one at the Jib Road property. Sabina was living at that Chutney Drive property, according to what he told an Immigration and Customs Enforcement agent on the day he was arrested.

The government also introduced evidence that the three properties at which officers found marijuana growing operations were part of one drug conspiracy. At each marijuana growing operation there were two 5-ton air conditioners; an invoice showed that someone in Miami, Florida, had bought three of those air conditioners on a single order form; and at each of the three marijuana growing operations, officers found one of the three 5-ton air conditioners that were listed on that order form. In light of all that evidence, a reasonable jury could have found that the government had established more than "mere presence" and proved beyond a reasonable doubt that Sabina was guilty of conspiracy to possess marijuana with intent to distribute.

**AFFIRMED.**