[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12480
_____

D.C. Docket No. 1:09-cr-00240-KD-N-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE NORIEGA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 25, 2012)

Before TJOFLAT and CARNES, Circuit Judges, and MICKLE,* District Judge.

PER CURIAM:

---

* Honorable Stephan P. Mickle, United States District Judge for the Northern District of Florida, sitting by designation.

This is our second opinion in this case. Jose Noriega appeals his convictions for conspiracy and possession of marijuana with intent to distribute. He contends that the district court should have suppressed evidence seized at his Chutney Drive property, arguing that Corporal Wilbur Williams' protective sweep of his property was illegal. He also contends that the government did not present enough evidence to support his conspiracy conviction. In our first opinion, we issued a limited remand so that the district court could make a finding related to whether the evidence seized at Noriega's property was admissible under the independent source exception to the exclusionary rule, even if the protective sweep was illegal. United States v. Noriega, 676 F.3d 1252, 1263–64 (11th Cir. 2012). The district court has made that factfinding, and we have the case once again.

I.

The first time this case was before us, we noted that "[t]he legality of the protective sweep is a difficult question," but we recognized that, if the protective sweep was illegal, the evidence might have been properly admitted anyway under the independent source exception to the exclusionary rule.[1] Id. at 1260 (quotation

---

[1] We set out the facts and procedural history of this case in our earlier opinion. See Noriega, 676 F.3d at 1256–58. For brevity, we will not repeat them here.

marks omitted).  We applied the two-part independent source exception test to determine whether the district court had properly admitted the evidence regardless of whether the protective sweep was illegal.  See id. at 1260–63.  The first thing we did was excise from Corporal Williams' search warrant affidavit the information he gained during the arguably illegal protective sweep, and we determined that the remaining information in that affidavit was enough to support a probable cause finding.  See id. at 1260–61.

We then asked "whether Corporal Williams' decision to seek the warrant was prompted by what he saw during the protective sweep." Id. at 1263 (alteration and quotation marks omitted).  Because the district court did not resolve that factual question when it ruled on Noriega's motion to suppress, we remanded the case "for the limited purpose of allowing [the district court] to find whether Corporal Williams would have sought the oral search warrant for the Chutney Drive house and outbuilding if he had not already conducted the protective sweep of that house." Id.  In doing so, we held:

> If Williams would have sought the warrant anyway, the district court did not err in denying the motion to suppress under the independent source exception to the exclusionary rule, and we can move on to Noriega's sufficiency of the evidence claim, which we do not reach at this time.  But if Williams would not have sought the warrant anyway, we will have to decide whether the district court erred in determining that the protective sweep of Noriega's house did not violate the

3

Fourth Amendment.

Id.

On remand, the district court found "as a matter of fact that, even if he had not first conducted a protective sweep of the Chutney Drive house, [Corporal] Williams would have sought a warrant to search that house and its outbuilding."[2] For that reason, the evidence was admissible under the independent source exception to the exclusionary rule even if the protective sweep was illegal. See Noriega, 676 F.3d at 1263. The district court did not err in admitting it.

### III.

We turn next to Noriega's contention that the government did not present enough evidence to support his conviction for conspiracy to possess marijuana with intent to distribute. Noriega argues that "nothing exists to connect the three houses (and the individuals found at each)." "We review de novo the sufficiency of the evidence presented at trial, and we will not disturb a guilty verdict unless, given the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt." United States v. White, 663 F.3d 1207, 1213 (11th Cir. 2011)

---

[2] Noriega contends that the district court's finding was clearly erroneous. We disagree. The court based its finding on Corporal Williams' testimony at the hearing on remand, which the court found "to be credible in all respects." We "give particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony." See United States v. Lebowitz, 676 F.3d 1000, 1009 (11th Cir. 2012).

(quotation marks omitted). "In reviewing the sufficiency of the evidence, we look at the record in the light most favorable to the verdict and draw all reasonable inferences and resolve all questions of credibility in its favor." Id. (quotation marks omitted).

To prove that Noriega committed conspiracy to possess marijuana with intent to distribute, the government had to establish: (1) the existence of an agreement between two or more persons for someone to possess marijuana with intent to distribute; (2) "that [Noriega] knew of the conspiratorial goal"; and (3) "that he knowingly joined or participated in the illegal venture." United States v. Brown, 587 F.3d 1082, 1089 (11th Cir. 2009). "Because conspiracies are secretive by nature, the existence of an agreement and [Noriega's] participation in the conspiracy may be proven entirely from circumstantial evidence." White, 663 F.3d at 1214 (quotation marks omitted).

The record contains ample evidence connecting Noriega, Sabina, and Huezo in a marijuana-growing conspiracy. Police officers found Noriega drinking beer with Sabina and Huezo at Noriega's Chutney Drive property, where police officers found a marijuana-growing operation. See United States v. Bacon, 598 F.3d 772, 777 (11th Cir. 2010) (per curiam) ("[A]lthough mere presence is insufficient to support a conviction for conspiracy, the jury is permitted to consider presence as a

5

probative factor in determining whether the defendant knowingly and intentionally participated in a criminal scheme."). Sabina told an Immigration and Customs Enforcement agent that he was living at the Chutney Drive property at the time he was arrested. Sabina owned the Jib Road property, where officers found another marijuana-growing operation, and he leased that property to Huezo.

The government also introduced evidence that the three properties at which officers found marijuana-growing operations were part of the marijuana-growing conspiracy. At each property, there were two 5-ton air conditioners; an invoice showed that someone in Miami, Florida, had bought three of those air conditioners on a single order form; and at each of the properties, officers found one of the three 5-ton air conditioners that were listed on that order form. In light of all that evidence, a reasonable jury could have found that the government proved beyond a reasonable doubt that Noriega was guilty of conspiracy to possess marijuana with intent to distribute.

**AFFIRMED.**