[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12479
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00404-JA-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVELL DASHAN BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 22, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Lavell Brown appeals his conviction on one count of conspiracy

to distribute and possess with intent to distribute marijuana, in violation of 21

U.S.C. § 846. On appeal, he argues that on cross-examination the prosecutor violated the Federal Rules of Evidence by questioning him concerning his prior felony convictions, and this resulted in an unfair trial.

We normally review for abuse of discretion a decision to admit evidence of prior convictions. *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992). However, if an argument is not raised before the district court, we review for plain error only. *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010). The party challenging the error has the burden of demonstrating plain error on appeal. *Id.* Under plain error review, we will reverse only if the defendant establishes that: (1) there is an error; (2) the error is plain or obvious; (3) the error affects his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. *Id.*

A felony conviction less than 10 years old "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).

Given the plain meaning of Rule 609, we conclude that no error resulted from the introduction of the prior felony convictions. Brown has failed to show that the convictions were more than 10 years old or that the probative value of the evidence did not outweigh the prejudicial effect.

2

Brown has not demonstrated plain error because he has failed to cite to a single case establishing that the questions asked by the prosecutor on cross-examination were improper. Finally, even if plain error did occur, the error did not affect Brown's substantial rights because of the overwhelming evidence against him at trial. *See United State v. Lacayo*, 758 F.2d 1559, 1565-66 (11th Cir. 1985). In this case, a witness testified directly that he had an agreement with Brown to receive marijuana through the mail. Brown did not dispute that the packages were delivered to his home, and that he personally received at least one of the packages. Brown also did not dispute that he gave to a member of the drug distribution ring a note with his address and the name "Richard Grant" in order to receive the packages. Additionally, Brown did not contest his three prior felony convictions, including one for drugs. Accordingly, we affirm Brown's conviction.

**AFFIRMED.**

3