[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13094
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00135-WSD-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST EDGAR BLACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 16, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Following a two-day trial, a jury convicted Ernest Edgar Black on thirteen counts of mail fraud[1] and one count of Social Security fraud.[2]  He appeals, seeking the reversal of his convictions for lack of evidence sufficient to convict or, alternatively, a new trial on the ground that the District Court erred in overruling his *Batson*[3] objection to the Government's exercise of peremptory challenges.  We affirm.

## I.

The Government contended that Black applied for and knowingly collected social security benefits on his son's behalf during a time when Black's son did not live with him, and instead of using the money for his son's benefit, he converted it to his own use.  Black's ex-wife testified that Black applied for and collected social security benefits for their son without telling her.  The son testified that he lived with his mother during the period that Black collected benefits for him, that Black never told him about the benefits, and that he was not in contact with Black at that time.  A Social Security Administration representative who processed Black's applications for the benefits also testified, and the Government introduced a record of the benefits checks sent to Black via U.S. mail.

Black argues that this evidence was insufficient because (1) Black's former wife had a motive to lie and (2) the Government failed to provide documentary

---

[1]  18 U.S.C. § 1341.
[2]  42 U.S.C. § 408(a)(5).
[3]  *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

evidence of how Black allegedly spent the benefits that he collected on behalf of his son.

We review a defendant's challenge to sufficiency of the evidence *de novo.* We will not overturn a jury's verdict unless no trier of fact could have found guilt beyond a reasonable doubt. *United States v. Hill*, 643 F.3d 807, 856 (11th Cir. 2011). The question is not whether reasonable minds must have found guilt beyond a reasonable doubt, but whether they could have done so. *United States v. Bacon*, 598 F.3d 772, 775 (11th Cir. 2010). Weighing witnesses' credibility is within the jury's province, and the jury may believe or disbelieve any part or all of a witness's testimony. *United States v. Prince*, 883 F.2d 953, 959 n.3 (11th Cir. 1989). We draw all reasonable inferences "and resolve all questions of credibility" in the verdict's favor. *Hill*, 643 F.3d at 856.

Representative payee fraud requires proof that the defendant (1) applied to receive payment for the benefit of another; (2) received such a payment; and (3) willfully and knowingly converted that payment or any part of it to use other than for the use and benefit of the beneficiary. *See* 42 U.S.C. § 408(a)(5). Mail fraud consists of the following elements: (1) intentional participation in a scheme to defraud someone of money or property; and (2) use of the mail in furtherance of that scheme. *Hill*, 643 F.3d at 858.

3

Black's sufficiency-of-the-evidence argument rests primarily on the credibility of his former wife's testimony. The argument fails because, as noted above, credibility is within the province of the jury, and we resolve all questions of credibility in favor of the verdict. *Hill*, 643 F.3d at 856; *Prince*, 83 F.2d at 959 n.3. Even if Black's ex-wife had a motive to lie, the jury was entitled to believe her testimony. Moreover, the Government did not need to prove specifically how Black spent the benefits checks in order to sustain a conviction for representative payee fraud, only that Black knowingly and willfully converted the payments (or any part of them) to a use other than his son's support and care. *See* 42 U.S.C. § 408(a)(5). In sum, we affirm the § 408(a)(5) convictions.

## II.

Black argues that the court erred in overruling his *Batson* objection to the Government's exercise of five peremptory strikes against white venirepersons. In *Batson,* the Supreme Court held that the use of peremptory strikes due to a prospective juror's race denies such person his or her constitutional right to equal protection of the laws. *United States v. Hill*, 643 F.3d 807, 837 (11th Cir. 2011). A trial court uses a three-part inquiry to determine if race motivated a party's strikes. *Id.* First, the court must determine if the party challenging the strikes has made out a *prima facie* case by showing facts sufficient to support an inference of discriminatory motive. *Id.* Second, if the party made a *prima facie* showing, the

4

striking party must then offer a race-neutral explanation. *Id.* Nevertheless, the party challenging the strikes has the ultimate burden of persuasion. *Id.* Third, the court evaluates the purported reason's persuasiveness to determine if, considering all relevant circumstances, the objecting party has met its burden. *Id.*

When Black objected to the Government's strike of the five whites, the Government responded that it struck them not because of their race, but whether they were childless, and, if not, whether their children were grown. The court determined that Black had not made out a *prima facie* case of racial discrimination, but, in any event, it accepted the Government's proffered nondiscriminatory reasons for its strikes.

In reviewing the resolution of a *Batson* challenge, we give great deference to the trial court's finding as to the existence of a *prima facie* case. *United States v. Allen-Brown*, 243 F.3d 1293, 1296 (11th Cir. 2001). Its determination as to why a venireperson is excused is a finding of fact which we review for clear error. *Id.*

In determining whether the evidence before the trial court created an inference of discrimination, we consider (1) whether members of the relevant racial group served unchallenged on the jury; (2) whether the striking party struck all of the relevant racial group from the venire—or at least, as many as the striker had strikes; and (3) whether there was a substantial disparity between the percentage of jurors of one race struck and the percentage of their representation

on the jury. *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1044-45 (11th Cir. 2005). The only evidence Black points to as establishing a *prima* facie case is the Government's use of five of its peremptory strikes to excuse white venirepersons. Obviously, that evidence alone did not give rise to an inference that the strikes were racially discriminatory. Black's claim of *Batson* error therefore fails.

AFFIRMED.