[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13806
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00117-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN A. HINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 26, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bryan Hines appeals his sentence of 41 months' imprisonment for possession of a firearm and ammunition as a convicted felon. The presentence investigation report ("PSI"), which the district court adopted, arrived at a guideline imprisonment range of 41 to 51 months based on an offense level of 15 and a criminal history score of 13. On appeal, Hines argues that the district court plainly erred in calculating his criminal history score because his PSI assigned criminal history points to two marijuana offenses that were not separated by an intervening arrest, in violation of U.S.S.G. § 4A1.2(a)(2). After careful review, we vacate Hines's sentence and remand to the district court for resentencing.

## I.    BACKGROUND

Hines was charged and pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the probation officer prepared a PSI, which assigned Hines a base level offense of 15 and a criminal history score of 13.[1] As part of calculating the criminal history score, the PSI assigned one criminal history point each to two marijuana offenses that Hines committed on March 1, 2018. For

---

[1] Hines's original PSI gave him a criminal history score of 17. Hines objected, arguing that four of the offenses should be counted as a single offense under U.S.S.G. § 4A1.2(a)(2). As a result, the PSI was amended prior to sentencing to give him a criminal history score of 13.

2

first offense, Hines was issued a citation and a notice to appear by the Pensacola Junior College Police for possession of marijuana. He was not detained. For the second, he was arrested by the Escambia County Sheriff's Office, following a traffic stop during which officers discovered marijuana in the car in which he was a passenger. For both offenses, Hines failed to appear on June 6, 2018. As a result, he was rearrested on July 18, 2018. He pled *nolo contendere* to a charge of possession of marijuana under 20 grams in both cases and was sentenced to time served on August 13, 2018.

Hines did not object to the PSI at sentencing. The district court determined that the PSI was accurate and adopted it for the purposes of determining the sentence. The court ultimately sentenced Hines to 41 months' imprisonment—the low end of the guidelines range of 41 to 51 months.

This is Hines's appeal.

## II.    STANDARD OF REVIEW

We ordinarily review the district court's application of the Sentencing Guidelines to established facts *de novo*. *United States v. Bradley*, 644 F.3d 1213, 1283 (11th Cir. 2011). However, we review objections to sentencing calculation issues that the defendant raises for the first time on appeal only for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). To demonstrate plain error, a party must show that (1) there was an error, (2) the error was plain, and

3

(3) the error affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). An error is "plain" if it is "obvious and clear under current law." *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2010) (internal quotation marks omitted). Even where an error is plain, the decision to reverse is ultimately discretionary. *Turner*, 474 F.3d at 1276. "We will exercise our discretion to correct *only* those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration adopted) (internal quotation marks omitted).

## III. DISCUSSION

On appeal, Hines argues that the district court plainly erred in calculating his criminal history score under U.S.S.G. § 4A1.2(a)(2) because his PSI assigned criminal history points for each of the two March 1, 2018 marijuana offenses, even though he was sentenced for both on the same day and they were not separated by an intervening arrest. In support, he argues that under *United States v. Wright*, 862 F.3d 1265 (11th Cir. 2017), his citation and notice to appear do not qualify as an "arrest" within the meaning of § 4A1.2(a)(2). He contends that the error affected his substantial rights and merits reversal because it affected his guideline range.[2] We agree.

---

[2] On appeal, Hines asks that we take judicial notice of supplemental authority. Because we can decide this appeal without looking to any supplemental authority, we do not address whether judicial notice is appropriate here.

We first address whether counting the two marijuana offenses as one was a plain error.  The Guidelines provide that, for purposes of computing a defendant's criminal history score, a prior sentence is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense."  U.S.S.G. § 4A1.2(a)(1).  Sentences are counted separately if they were imposed for offenses that were separated by an "intervening arrest," meaning that "the defendant is arrested for the first offense prior to committing the second offense."  *Id.* § 4A1.2(a)(2).  Even if there was no intervening arrest, sentences are still counted separately unless they resulted from offenses charged in the same instrument or were imposed on the same day, in which case they must be treated as a single sentence.  *Id.*

The Sentencing Guidelines do not define the term "arrest."  *See id.* §§ 4A1.2, 1B1.1, cmt. n.1.  In *United States v. Wright*, we addressed whether a defendant had been "arrested" within the meaning of § 4A1.2(a)(2) where she was issued a citation for driving with a suspended license but was not taken into custody when she was stopped.  862 F.3d at 1281–82.  We determined that the term "arrest" for purposes of § 4A1.2(a)(2) "does not include being pulled over, briefly stopped, and issued a traffic citation."  *Id.* at 1283.  Looking to the ordinary meaning of "arrest," we reasoned that "arrest ordinarily means that someone has been seized and taken into custody, however briefly."  *Id.* at 1282 (internal

quotation marks omitted). We further observed that "an arrest is usually indicated by informing the suspect that he is under arrest, transporting the suspect to the police station, and/or booking the suspect into jail." *Id.* (internal quotation marks omitted). We contrasted these procedures with a situation where an individual is pulled over, issued a traffic citation for a traffic-law violation, and allowed to leave, which would generally be described as getting a "ticket" rather than an "arrest." *Id.* We stated, in summary, that limiting the term "arrest to a formal arrest (rather than a mere [traffic] citation)" was consistent with common usage, caselaw, and the context and purpose of the Guidelines. *Id.* at 1283 (internal quotation marks omitted). Further, we stated that the Guidelines could have used a broader term than "intervening arrest" if the intention was to include traffic citations. *Id.*

In this case, the government argues that the holding of *Wright* was limited to traffic citations only. It maintains that because the first citation Hines received was for possession of marijuana rather than a traffic violation, the holding of *Wright* does not apply here. Although the government is correct that the holding of *Wright* concerned the defendant's traffic citation, *id.* at 1282, our prior precedent rule dictates that we are bound both by the holding of prior case law and the reasoning necessary to reach that holding, *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019). As such, we are bound by *Wright*'s reasoning in determining whether

6

Hines's first citation was an arrest or simply a ticket. And that reasoning points clearly to one conclusion: the citation was not an arrest for the purpose of § 4A1.2(a)(2).

Hines was not "seized" or "taken into custody" by the first officer who stopped him. *Wright*, 862 F.3d at 1282. The officer did not "inform[] [him] that he [was] under arrest, transport[] [him] to the police station, . . . or book[] [him] into jail." *Id*. Instead, Hines was pulled over, given a citation, and allowed to leave. *Id.* Under *Wright*, the two marijuana offenses were not separated by an intervening arrest. And both sentences were imposed on the same day. It was therefore plain error to assign criminal history points to both sentences. *See* U.S.S.G § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."); *Wright*, 862 F.3d at 1282–83.

Given that the error in calculating Hines's criminal history score was plain, we must now determine if it affected his substantial rights. We conclude that it did. We have held that sentencing a defendant under an incorrect guidelines range affects his substantial rights, even when the original sentence falls within the new range. *United States v. Bankston*, 945 F.3d 1316, 1319–20 (11th Cir. 2019). If Hines's two marijuana offenses were counted as one instead of separately, his

7

criminal history score would have dropped from a 13 to a 12. *See* U.S.S.G.

§ 4A1.2 (explaining how to calculate a defendant's criminal history for the purpose

of sentencing). This, in turn, would have lowered his criminal history category

from a VI to a V and resulted in a guidelines range of 37 to 46 months, rather than

41 to 51 months. *Id.* Ch. 5 Pt. A. Even though Hines's sentence falls within this

new range, the error in calculating his guidelines range affected his substantial

rights. *See Bankston*, 945 F.3d at 1319.

As to the final question of plain error review—whether we should exercise

our discretion to reverse this error—"[t]he risk of unnecessary deprivation of

liberty particularly undermines the fairness, integrity, or public reputation of

judicial proceedings in the context of a plain Guidelines error." *Rosales-Mireles v.*

*United States*, 138 S. Ct. 1897, 1908 (2018). The plain error in calculating Hines's

guidelines range is no exception. As such, it merits reversal.

## IV.   CONCLUSION

For the foregoing reasons, we vacate Hines's sentence and remand for

further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**

8