[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13809
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00530-VMC-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee.

versus

DANIEL ARROYO,
a.k.a. King Tweet,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 9, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Daniel Arroyo appeals his sentence of 188 months of imprisonment, imposed following his plea of guilty to possessing a firearm and ammunition as a felon. See 18 U.S.C. § 922(g)(1). Arroyo challenges the enhancement of his sentence under the Armed Career Criminal Act, see id. § 924(e), and the reasonableness of his sentence. Arroyo also argues, for the first time, that the district court erred by adding two points to his criminal history for his prior sentence for loitering. The government concedes that the district court plainly erred when it miscalculated Arroyo's criminal history. Because the district court must recalculate Arroyo's criminal history, we need not address the reasonableness of his sentence. We affirm in part, vacate in part, and remand for resentencing.

Arroyo challenges the enhancement of his sentence as a career criminal on three grounds that are foreclosed by our precedents. First, Arroyo argues that his prior convictions for simple battery of a law enforcement officer and discharging a firearm from a vehicle are not violent felonies, but Arroyo concedes that his arguments are foreclosed by our decisions in Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338–39 (11th Cir. 2013) (battery of an officer), and United States v. Alexander, 609 F.3d 1250, 1258–59 (11th Cir. 2010) (discharging a firearm), that the offenses are categorically violent. Second, Arroyo argues that the residual clause of the Armed Career Criminal Act, which defines the term "violent felony," is unconstitutionally vague, but Arroyo concedes that we squarely

2

rejected that argument in United States v. Weeks, 711 F.3d 1255, 1262 (11th Cir. 2013).  Third, Arroyo argues that an enhancement of his sentence based on facts not found by a jury nor admitted by him violates his rights under the Fifth and Sixth Amendments, but we have held that "district courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to Shepard-approved documents."  Id. at 1259.  The district court adhered to that limitation.

Arroyo also argues that the classification of his prior conviction for battery of an officer as a predicate offense under the Armed Career Criminal Act violated his rights under the Ex Post Facto and Due Process Clauses of the U.S. Constitution, but this argument fails.  Because the Ex Post Facto Clause does not apply directly to the Judicial Branch and is "inherent in the notion of due process," we consider whether the classification of Arroyo's crime as a violent felony operated as an ex post facto law in violation of his right to due process.  See Rogers v. Tennessee, 532 U.S. 451, 468, 121 S. Ct. 1693, 1703 (2001); United States v. Duncan, 400 F.3d 1297, 1307 (11th Cir. 2005).  To violate "the ex post facto principle of fair warning," the decision of the district court must have been "'unexpected and indefensible' by reference to the law which has been expressed prior to the conduct in issue."  Rogers, 532 U.S. at 462, 121 S. Ct. at 1700.  Arroyo

3

argues that our decision in <u>Turner</u> was unexpected in the light of <u>Johnson v. United</u>

<u>States</u>, 559 U.S. 133, 130 S. Ct. 1265 (2010), but the Court in <u>Johnson</u> specifically

refused to address whether a conviction for simple battery under Florida law

constituted a violent felony under the residual clause, <u>id.</u> at 145, 130 S. Ct. at 1274.

<u>Turner</u> was not an unjustified and unpredictable break from <u>Johnson</u>, which held

that simple battery does not qualify as a violent felony because the use of physical

force is not an element of the offense, <u>id.</u> at 137–45, 130 S. Ct. at 1269–74.

Arroyo argues, and the government concedes, that the district court plainly

erred by adding two points to Arroyo's criminal history for his prior conviction for

loitering.  That error was "obvious and clear under current law."  <u>United States v.</u>

<u>Bacon</u>, 598 F.3d 772, 777 (11th Cir. 2010).  The Sentencing Guidelines provide

that a sentence imposed for the offense of loitering is "never counted" when

calculating a defendant's criminal history.  United States Sentencing Guidelines

Manual § 4A1.2(c)(2) (Nov. 2012).  And the addition of the two additional

criminal history points prejudiced Arroyo's substantive rights.  <u>See</u> <u>Bacon</u>, 598

F.3d at 777.  Arroyo's presentence investigation report provided that he had 10

criminal history points, which yielded a criminal history category of V and, as an

armed career criminal, resulted in a sentencing range between 180 and 188 months

of imprisonment.  <u>See</u> U.S.S.G. app. G, sentencing table.  Had the district court

excluded Arroyo's prior sentence for loitering, he would have had eight criminal

history points, a criminal history category of IV, and, because of his status as an armed career offender, a statutorily required minimum sentence of 180 months of imprisonment.  See id. § 5G1.1(b); 18 U.S.C. § 924(e)(1).  Accordingly, we vacate Arroyo's sentence and remand to allow the district court to resentence him at the correct criminal history level of IV and the corresponding advisory guideline range of 180 months.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**