[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13809
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00530-VMC-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee.

versus

DANIEL ARROYO,
a.k.a. King Tweet,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

PER CURIAM:

In *United States v. Arroyo*, 562 F. App'x 889 (11th Cir. 2015), we affirmed Daniel Arroyo's sentence to 15 years of imprisonment under the Armed Career Criminal Act for possessing a firearm and ammunition as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(e). The Supreme Court vacated our judgment and remanded the case to us for further consideration in the light of *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015), which held that the residual clause of the Act was unconstitutionally vague. *Id.* at 2563. We asked the parties to file supplemental letter briefs addressing how *Johnson* affects Arroyo's case. Arroyo argues, and the government concedes, that Arroyo's sentence was erroneously enhanced using his prior convictions for battery on a law enforcement officer, Fla. Stat. §§ 784.03(1)(a), 784.07(2), and for discharge of a firearm from a vehicle, *id.* § 790.15, because they no longer qualify as violent felonies under the residual clause of the Act. We vacate our judgment that affirmed Arroyo's sentence as an armed career criminal and remand for resentencing.

## I. PROCEDURAL HISTORY

Arroyo pleaded guilty, without the benefit of a plea agreement, to possessing a firearm and ammunition as a felon, after having been convicted of three crimes in Florida courts that were punishable by more than one year of imprisonment. 18 U.S.C. §§ 2, 922(g)(1), 924(e). Arroyo's presentence investigation report classified

2

him as an armed career criminal based on his prior conviction for the robbery of
Randall Aybar, Fla. Stat. § 812.13(1), (2)(A), and the three prior convictions listed
in his indictment for the attempted murder and aggravated battery of Pedro Colon,
*id.* §§ 784.05, 782.04, 777.04, 784.045; battery of a law enforcement officer, *id.*
§§ 784.03(1)(a), 784.07(2); and discharging a firearm from an occupied vehicle, *id.*
§ 790.15.

Arroyo's classification as an armed career criminal increased his sentencing
range. Arroyo had a base offense level of 24, United States Sentencing Guidelines
Manual § 2K2.1(a)(2) (Nov. 2012), that was increased by two points for his use or
possession a firearm or ammunition in connection with another felony offense, *id.*
§ 2K2.1(b)(4)(A), and a criminal history category of V based on a criminal history
score of 10, which included two points for a misdemeanor conviction for loitering.
Arroyo's presentence report raised his base offense level from 26 to 33 under the
armed career criminal guideline, *id.* § 4B1.4, and reduced that level by three points
for his acceptance of responsibility, *id.* § 3E1.1(a), (b), which resulted in a
sentencing range between 151 and 188 months of imprisonment. But Arroyo had a
statutory minimum sentence of 15 years under the Act, 18 U.S.C. § 924(e), which
made his sentencing range between 180 and 188 months of imprisonment,
U.S.S.G. § 5G1.1(b).

3

The district court disposed of Arroyo's two objections to the use of his prior convictions as predicate offenses under the Act and sentenced Arroyo to 188 months of imprisonment. First, the district court rejected Arroyo's argument that his prior convictions for battery of a law enforcement officer and discharging a firearm were not "violent felonies." Second, the district court agreed with Arroyo that his convictions for robbery and for attempted murder constituted a simultaneous offense because "there [was] no information within the *Shepard*-approved documents establishing time or location" to show "there's a gap in time and place between the two . . . crimes." The district court made its ruling after holding two evidentiary hearings on the issue, and reviewing a packet of documents consisting of the charging documents, docket sheets, judgments, plea forms, and bills of particular for Arroyo's robbery and attempted murder offense.

Arroyo appealed and challenged the calculation of his sentence on three grounds, two of which we rejected and one of which we found meritorious. *Arroyo*, 562 F. App'x 889. First, we concluded that Arroyo's challenges to his prior convictions for battery of a law enforcement officer and discharging a firearm were foreclosed by our decisions in *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338–39 (11th Cir. 2013), and *United States v. Alexander*, 609 F.3d 1250, 1258–59 (11th Cir. 2010), that the offenses qualified as violent felonies under the residual clause of the Act. *Arroyo*, 562 F. App'x at 890. Second, we

4

concluded that Arroyo's argument that the residual clause of the Act was void for vagueness was foreclosed by our decision in *United States v. Weeks*, 711 F.3d 1255, 1262 (11th Cir. 2013). *Arroyo*, 562 F. App'x at 890. But, based on the concession of the government that the district court plainly erred by adding two points to Arroyo's criminal history for the offense of loitering, we vacated Arroyo's sentence and remanded with instructions for the district court to "resentence him at the correct criminal history level of IV and the corresponding advisory guideline range of 180 months." *Id.* at 890–91.

Arroyo filed a petition for a writ of certiorari. While Arroyo's petition was pending, the Supreme Court held in *Johnson*, 135 S. Ct. at 2563, that the residual clause was unconstitutionally vague. Later, the Court granted Arroyo's petition, vacated our judgment, and remanded his case for reconsideration.

## II. DISCUSSION

The parties agree that Arroyo is entitled to a new sentencing hearing at which he is sentenced using a reduced criminal history category of IV, but they disagree about what other sentencing decisions the district court may make. Arroyo requests that we "remand for resentencing without the ACCA and for recalculation of the sentencing guidelines under [sections] 2K2.1 and 4A1.1(e)" and argues that, "[b]ecause the discharging-a-firearm and [battery of a law enforcement officer] offenses are not violent felonies, they are also not crimes of violence under the

5

guidelines." The government argues for a "full resentencing" during which the district court reassesses whether to enhance Arroyo's sentence under the Act. Alternatively, the government argues that the district court should be allowed to determine "whether any of [Arroyo's] previous crimes are 'crimes of violence' under [section] 4B1.2(a) for purposes of assigning a new base-offense level under 2K2.1"; "whether [Arroyo's] criminal history category . . . [of] IV . . . underrepresents his true history"; what would constitute a reasonable sentence "under 18 U.S.C. 3553(a)"; and whether to impose a variance.

We reject the argument of the government that Arroyo can be sentenced as an armed career criminal. Arroyo's prior conviction for battery of a law enforcement officer does not qualify as a violent felony. In *Johnson v. United States*, 559 U.S. 133, 141-42, 130 S. Ct. 1265, 1272 (2010), the Supreme Court held that a conviction in a Florida court of battery of an officer does not qualify as "violent offense" under the elements clause of the Act. The recent decision of the Court in *Johnson*, 135 S. Ct. at 2563, "forecloses . . . the argument . . .that [a] prior Florida felony conviction[] for battery on a law enforcement officer . . . [is a] violent felon[y] under the ACCA's residual clause," *United States v. Hill*, 799 F.3d 1318, 1322 & n.1 (11th Cir. 2015). And we will not disturb the finding of the district court that Arroyo's convictions for robbery and attempted murder were not "committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1).

6

The government was given a full and fair opportunity, over the course of two evidentiary hearings, to submit evidence and arguments in support of its position that Arroyo's convictions for robbery and attempted murder were distinct offenses, and the government did not appeal the finding that the offenses were temporally indistinguishable. *See United States v. Canty*, 570 F.3d 1251, 1257 (11th Cir. 2009) (A "remand for further findings is inappropriate when the issue was before the court and the parties had an opportunity to introduce relevant evidence."); *United States v. Alred*, 144 F.3d 1405, 1422 (11th Cir. 1998). Because the government has to produce three prior felony convictions to enhance Arroyo's sentence under the Act, *see* 18 U.S.C. § 924(e), we need not address whether his prior conviction for discharging a firearm constitutes a violent felony. To sentence a defendant as an armed career criminal, the government must prove that three prior felony convictions qualify as "violent felonies." *Id.* The district court sentenced Arroyo under the Act based on his prior convictions in Florida courts for robbery/attempted murder, battery of a law enforcement officer, and discharging a firearm from an occupied vehicle. In the wake of *Johnson*, the government cannot prove that Arroyo's prior conviction for battery of a law enforcement officer is a "violent felony." Arroyo cannot be sentenced as an armed career criminal.

On remand, the district court must determine an appropriate sentencing range for Arroyo under the Sentencing Guidelines. "[W]hen a criminal sentence is

7

vacated, it becomes void in its entirety; the sentence—including any enhancements—has "been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). The upshot is that, "when a sentence is vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components." *Id.*

### III. CONCLUSION

We **VACATE** our judgment affirming Arroyo's sentence under the Armed Career Criminal Act, and we **REMAND** for resentencing.